RIST, Respondent, vs. PORTER, Appellant.

*January 14—February 8, 1927.*

*Specific performance: Relief on condition that other parties be relieved of hardship: Mistake of law.*

1. In an action for specific performance the court cannot make a new agreement for the parties, nor can it, in the exercise of its discretion, gather into the case outside equities; but in a proper case, by applying the maxim that "He who seeks equity must do equity," the court may so condition the relief to which a party is entitled as to relieve other parties from hardship. p. 222.

2. While a mistake of law does not of itself defeat the right of the opposite party to have a contract specifically performed, it may produce a situation which appeals very strongly to a court of equity. p. 222.

3. Where a contract between a father and daughter providing for a conveyance by the father of certain land to the daughter was entered into under a mutual mistake of law that the father was entitled to a life estate in certain land inherited by the daughter from her deceased mother, and where the father's deed to the daughter, executed pursuant to the contract, did not convey a narrow strip of land, so that the effect was ownership by each of part of a certain house, the court, in a decree for specific performance of the contract and reformation of the deed, may require a conveyance by the father to the daughter of his land including the narrow strip, and a conveyance by the daughter to the father of the land inherited from her mother. p. 222.

APPEAL from a judgment of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Reversed, with directions.*

Specific performance. Block 23 in the original plat of the city of Berlin is composed of four lots. The northeasterly lot is lot 1 and adjoins lot 4, which lies to the south of lot 1. The lots are four rods wide east and west and eight rods long north and south. The plaintiff owned the south sixty-six feet of lot 1 and the north forty-two feet of lot 4. His deceased wife owned the south ninety feet of lot 4. There were two houses upon each separate portion except as here-

Rist v. Porter, 192 Wis. 218.

after noted. The north property was valued at approximately $4,000 and the south property at $2,000.

Adda M. Rist died January 19, 1923. It is conceded that the defendant *Luella Porter,* daughter of the plaintiff, went to live with the plaintiff and his wife at the time the wife and mother became ill on June 1, 1917, and that her services as nurse and housekeeper to the time of the mother's death were reasonably worth $50 a month; that the plaintiff agreed to pay the defendant therefor; that after her mother's death defendant continued to act as housekeeper for her father until about November 21, 1924. In the month of October, 1924, the plaintiff contemplated remarriage, and at that time the plaintiff agreed to convey to defendant the south sixty-six feet of lot 1 and the north thirty and one-half feet of lot 4, amounting in all to ninety-six feet and six inches, in satisfaction of his daughter's claim. In fulfilment of that agreement he went to the office of his attorney and had prepared a deed. The scrivener assumed that the north line of plaintiff's property was the north line of lot 1, so that the deed as executed erroneously described only a part of the plaintiff's property and a strip sixty-six feet in width north and south of the property which did not belong to him, being the north half of lot 1. The error was not discovered at the time the deed was recorded, and in January, 1925, when the defendant procured an abstract to her property, she first learned of the misdescription. She then requested her father, the plaintiff, to execute a deed in accordance with their prior understanding. This he refused to do. A part of the consideration for the execution of the deed by the plaintiff to the defendant was the payment of $150 by the defendant to the plaintiff. Of this amount $60 was paid and $90 remained unpaid. It was subsequently claimed by the plaintiff that contemporaneously the defendant had agreed to convey to him the land formerly owned by her mother, the deceased wife of the plaintiff. The defendant denied that she had made any such agreement.

This action was begun to reform the deed given by the plaintiff to the defendant so as to correctly describe the premises to be conveyed thereby and to require the defendant to convey to the plaintiff the south sixty-six feet of lot 4, being the property which she inherited as the sole heir of her mother, and pay the remaining sum of $90. The defendant by counterclaim prayed reformation of the deed of October 22, 1924. The court found in favor of plaintiff's contention, and as conclusions of law that—

"The plaintiff is entitled to judgment for specific performance of said oral agreement. Such judgment should require the delivery by defendant to plaintiff of a quitclaim of said premises executed by herself and her husband and the payment of such portion of said $150 as remains unpaid after crediting thereon the $60 paid and the sum, if any, by which the taxes paid by defendant exceeds the rentals by her received for said northerly cottage, which sum may be fixed by the court upon further hearing in case the parties fail to agree. The judgment should also require the delivery of possession to plaintiff by defendant of said cottage of which she has heretofore received the rentals and enjoin her from interfering with plaintiff's possession of any of the said premises by her to be conveyed. The judgment may also provide that in case defendant fails to execute and deliver a deed of said premises as adjudged within thirty days from service of notice of the entry of judgment, the said premises shall stand forever quieted in plaintiff free from all claims of the defendant. The judgment should also require payment of costs by defendant to plaintiff."

From the judgment entered accordingly, the defendant appeals.

For the appellant there was a brief by *Barber & Keefe* of Oshkosh, and oral argument by *Frank B. Keefe*.

For the respondent the cause was submitted on the brief of *Fred Engelbracht* and *John J. Wood,* both of Berlin.

ROSENBERRY, J. Appellant's brief contains no assignments of error. The rule requiring that error be assigned is **not a mere formality,** and in this case we are left to con-

jecture from the argument as to the nature of the error claimed by the appellant. If we are not able to gather from the brief a correct idea of appellant's position, it will not be the fault of the court.

Apparently the claim is that the evidence does not support the findings of the trial court that the defendant agreed to convey to the plaintiff the property which she inherited from her mother. It appears from the findings of fact that the plaintiff executed a quitclaim deed to the south half of lot 1 and the north thirty and one-half feet of lot 4 and deposited the same with the clerk of the court, which leaves the ownership of the south eleven and one-half feet of the tract owned by the plaintiff in him. There is but a single fact in the record which tends to support the finding of the trial court that the defendant agreed to convey the property which she inherited from her mother to the plaintiff, and that is that the plaintiff went into possession of the property, but when other undisputed facts appear, the act of the plaintiff in going into possession loses its significance. It appears almost without dispute that both parties, at the time of making the oral agreement, were of the opinion that the plaintiff had an estate by the curtesy in the premises owned by his deceased wife and the transaction was made by both parties upon that understanding. The plaintiff upon the trial still claimed that he had that right, although it was abrogated by his remarriage by ch. 31 of the Laws of 1921. This mutual mistake as to the law no doubt accounts for the failure of either party to mention the matter in the course of their negotiations which led up to the making of the deed in 1924. The evidence which sustains the finding that the plaintiff agreed to convey the north ninety-six feet six inches of the tract owned by him is practically without dispute. Prior to going to the scrivener he measured out, with the aid of his grandson, the amount of land he was willing to deed and staked the new line. The change in the line of the property was due to the fact that the old boundary line ran through one of the houses

which was built on the line between the property formerly owned by Adda M. Rist and the property owned by the plaintiff, and was intended to be on the land of Adda M. Rist at the time it was built. The line was moved eleven and one-half feet north so as to embrace the land upon which that house stood. The defendant has been in possession of the premises intended to be conveyed to the defendant at and since the making and delivery of the erroneous deed. We need not restate the fundamental principles underlying the right of parties to specific performance. Both parties are here in a court of equity demanding the exercise of that remedy in their behalf, the plaintiff as complainant and the defendant under her counterclaim.

As already stated, there is no evidence of an agreement of the defendant to convey to the plaintiff, both parties supposing that the plaintiff had a life estate in the lands owned by the defendant. The court cannot make a new agreement for the parties, nor can it in the exercise of its discretion gather into the case outside equities. Pomeroy, Spec. Perf. (3d ed.) §§ 36 and 38.

While the court may not make contracts for parties, it may in a proper case, by applying the maxim that "He who seeks equity must do equity," so condition the relief to which a party is entitled as to relieve other parties from hardship. Pomeroy, Spec. Perf. (3d ed.) § 43. See, also, 6 Page, Contracts (2d ed.) p. 3368 and cases cited.

Here the controversy is between father and daughter, both of whom acted upon a mistaken notion as to the law governing their rights. While mistake of law does not of itself defeat the right of the opposite party to have a contract specifically performed, it may produce a situation which appeals very strongly to the conscience of the chancellor.

We conclude that the defendant is entitled to a judgment reforming the deed executed by the plaintiff on October 22, 1924, so as to describe the north ninety-six feet six inches of the tract owned by the plaintiff. This relief to which the

defendant is entitled, however, is conditioned as follows: if the plaintiff, shall elect, within twenty days after notice of filing of the *remittitur* of this case in the office of the clerk of the circuit court for Green Lake county, to execute and deliver to the clerk of the circuit court a good and sufficient deed in fee simple of the entire tract owned by him, including the eleven feet six inches not intended to be included in the deed of October 22, 1924, the defendant shall not be entitled to a delivery of the conveyance so executed by the plaintiff, if one be executed, unless and until the defendant shall first execute and deliver to the clerk of the circuit court for the benefit of the plaintiff a conveyance in the usual form conveying to the plaintiff a life estate not only in the lands which she inherited from her mother but in the eleven feet six inches voluntarily included by the plaintiff in the deed executed by him and delivered to the clerk, so that when the transaction is completed the defendant will presently have unincumbered title to the north ninety-six and one-half feet of the premises owned by the plaintiff and title to the south one hundred one and one-half feet of lot 4, subject to the life estate of the plaintiff. If the plaintiff shall neglect or refuse to deliver such a conveyance, the defendant shall, upon the expiration of twenty days, be entitled to judgment reforming the deed of October 22, 1924, as hereinbefore indicated upon payment of any part of the remainder of $90 after the adjustment of taxes as indicated in the conclusions of law. If the court had power to require the parties to carry out this conditional arrangement it would direct it to be done, but the eleven and one-half feet were apparently not considered by the parties, and such evidence as there is indicates quite clearly that the plaintiff did not intend to include it in the conveyance of October 22, 1924. The plaintiff no doubt has it within his power to procure the execution and delivery of the conveyance of a complete and an unincumbered title, subject of course to any incumbrance placed on or suffered by the defendant, and if he fails to do so the

responsibility for the failure must rest with him. The equities of each party spring from a single transaction or series of transactions that arise from matters that are well within the issues in this case, and while the situation presented by the record in this case is unusual, that fact should not prevent such an application of well established equitable principles as will lead to a right result. For the property to remain in such a situation that one party to the controversy owns a part of a building and the other party the other part is simply to leave a situation which would be intolerable to both parties. On the other hand, to deprive the plaintiff of the interest which he supposed he had in the property of his deceased wife, and upon the basis of which he made the agreement with the defendant, without giving him an opportunity to adjust the matter equitably, would seem to be unnecessarily harsh.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions that the matter be disposed of as indicated in this opinion.